## JOHN K. SUMNER v. ELIAS L. JONES.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED JANUARY 13, 1914.                    DECIDED JANUARY 30, 1914.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

DEEDS—*validity—mental capacity.*

Where advantage has been taken of a person of weak or impaired mind to consummate with him an unconscionable bargain, equity will set it aside.

EVIDENCE—*mental condition—opinion.*

An ordinary witness called to testify as to the mental condition of another should be required to state, at least in a general way, the facts upon which his opinion is founded.

SAME—*sufficiency of offer of proof.*

Where offers of proof were made of the opinions of witnesses as to the mental condition of the plaintiff without outlining the facts upon which the opinions were based, held, that the objections being on general grounds only the witnesses should have been examined.

OPINION OF THE COURT BY ROBERTSON, C.J.

This is a suit to set aside a deed executed by the plaintiff on the 15th day of July, 1911, purporting to convey certain lands and other property to the defendant. The bill alleges fraud and undue influence on the part of the defendant and mental incapacity on the part of the plaintiff, and that there was no consideration or an inadequate consideration for the conveyance. The plaintiff appeals from a decree dismissing the bill. The circuit judge filed no written opinion and no findings of fact were incorporated in the decree. From a consideration of the testimony which was sent up we are of the opinion that the averments as to undue influence were not sustained by the proofs. Much of the testimony making a voluminous transcript dealt with the conduct of the defendant and his wife toward the plaintiff subsequent to the date of the deed, it being claimed that they neglected and ill-treated him. Such

testimony was not relevant to any issue in the case. On the other hand we find that testimony offered by the plaintiff in support of the averment of the bill that by reason of age and an enfeebled mind the plaintiff, at the time he signed and acknowledged the deed, did not understand or realize its nature or effect, was excluded.

The transaction seems to have been a very improvident one, and one which would be difficult to sustain in face of inequitable incidents. The deed recites a consideration of five hundred dollars and purports to convey, among other property, lands situated at Kalihi and Waikiki, Island of Oahu, which the defendant admitted to be worth, above incumbrances, about six thousand dollars. A separate agreement executed on the same date as the deed contains covenants on the part of the plaintiff discharging the defendant "from any and all claim or claims * * * * which may arise by reason of the insufficiency of the consideration mentioned in the deed," and to "fully protect and defend the second party in the full possession and enjoyment of the property so conveyed this day by said deed and as against all and every person or persons whomsoever * * *" and will, when necessary and requested by the defendant, "appear in court in behalf of said second party in any action which may hereafter arise with reference to the property so conveyed as aforesaid." The agreement also contains a covenant on the part of the defendant to "provide and set aside for the care, support and maintenance of said first party during his lifetime, a reasonable share, or proportion of the rents, issues and profits of the property this day conveyed to said second party by said first party, as hereinabove recited, the said share or proportion thereof to be paid as he shall see fit and proper." In a word, the proposition is that the plaintiff conveyed to the defendant the fee simple title to lands worth at least six thousand dollars in consideration of a cash payment of five hundred dollars and the agreement of the defendant to pay over to the plaintiff a "reasonable share" of the rents and profits of the

property during plaintiff's lifetime.  The property covered by the deed included the plaintiff's homestead and was all that he owned.  The defendant testified that the understanding arrived at between the plaintiff and himself in conversations had prior to the time of the execution of the deed was that the plaintiff would deed over all his property for the consideration of $500 and the agreement of the defendant to "take care of" the plaintiff "as long as he lives."  By this we understand the arrangement to have been that the defendant should support the plaintiff during his lifetime.  The written agreement providing for the payment of a reasonable share of the rents and profits of the property conveyed does not fully accord with the terms verbally agreed upon.

The law recognizes the right of the owner of property, being of sound mind, to sell and dispose of his property upon such terms as he may see fit or to give it away if he desires to, but when a man of upwards of ninety years of age conveys away all his property for an inadequate consideration the question whether he is possessed of such mental capacity as to enable him to comprehend the transaction and to understand the nature and effect of the deed at once suggests itself.  This court has held that "if it appear that advantage has been taken of a person of weak or impaired mind to consummate with him an unconscionable bargain, equity will set it aside."  *McKeague* v. *Kennedy,* 5 Haw. 347.  In *Allore* v. *Jewell,* 94 U. S. 506, which was a suit to cancel a conveyance made by an elderly woman, and the question was whether she possessed sufficient intelligence to understand the nature and effect of the transaction, the court said, "It is not necessary, in order to secure the aid of equity, to prove that the deceased was at the time insane, or in such a state of mental imbecility as to render her entirely incapable of executing a valid deed.  It is sufficient to show that, from her sickness and infirmities, she was at the time in a condition of great mental weakness, and that there was gross inadequacy of consideration for the conveyance."

There is some evidence in the record which we think tends to show mental weakness on the part of the plaintiff at or before the time of the transaction in question, and it may be that upon the record before us we would be justified in holding that the deed ought not to be allowed to stand. Possibly it would be a close question, and in view of the fact that counsel for the plaintiff offered the testimony of witnesses which it was claimed would throw additional light on the matter of the plaintiff's mental condition, we deem it proper to afford the opportunity, which the circuit judge denied, for the introduction of such testimony. Counsel for the plaintiff offered to show by the opinions of several witnesses based on their knowledge of and dealings with Mr. Sumner, that he was not competent to transact business affairs or capable of protecting himself in any matter involving his property. These witnesses, it appeared, had known the plaintiff for several years, one, who it is claimed, had lived at or frequently visited plaintiff's home and often conversed with the plaintiff, another who had been "more or less associated in his matters" and had had business and other dealings with him, and another, an attorney at law, who had handled plaintiff's business during a period extending from 1904 to 1907, during which period he had been in constant communication with the plaintiff. These offers of proof were objected to as being incompetent, irrelevant and immaterial, and the objections were sustained.

It is argued that these offers of proof were properly rejected because in order to render admissible the opinion of a witness as to the mental condition of another the witness must state the constituent phenomena upon which his inference is based. 3 Chamberlayne, Evidence, Sec. 1911. It is true that where an ordinary witness is called to testify as to the mental condition of a person he should be required to state in such detail as the circumstances permit, and at least in a general way, the facts upon which his opinion is founded. id., Secs. 1892, 1893, 1912; *Queenan* v. *Oklahoma,* 190 U. S. 548. The facts must

be such as the witness himself has observed. Chamberlayne, *supra,* Sec. 1826.

The offers of proof were not made as definite as they might have been, but on the other hand, the objections to them were rested only on general grounds, and did not specifically raise the point that the offers did not enumerate or outline the facts upon which the proposed statements of opinion would be based. Under the circumstances we think the offers of proof were sufficient, and that they required the examination of the witnesses. The competency of any of the witnesses to express an opinion as to Mr. Sumner's mental capacity would depend upon the nature and extent of his dealings with and observation of the old man, and the weight of the witness' opinion would depend upon the intimacy of his knowledge and his own capacity to form an intelligent conclusion.

The decree appealed from is reversed, and the case is remanded to the circuit judge with instructions to re-open it for the purpose of considering such testimony as to the plaintiff's mental condition at the time of the execution of the deed as may be offered agreeably to the views herein expressed, and for such further proceedings as may be proper.

*L. Andrews (Andrews & Quarles* on the brief) for plaintiff.

*I. M. Stainback (Holmes, Stanley & Olson* with him on the brief) for defendant.